**18-3582-MJ-TORRES**

AO 91 (Rev. 08/09) Criminal Complaint

FILED BY ___YR___
Oct 29, 2018
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) |
| Ruben Dario Herrera Ibanez | ) Case: 1:18-mj-00131 |
| | ) Assigned To : Magistrate Judge Robinson, Deborah A. |
| | ) Assign. Date : 10/29/2018 |
| | ) Description:Criminal Complaint |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 19 to 26, 2018__ in the county of _____ in the District of __Columbia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 22 U.S.C. Section 2778(b),(c) & 22 C.F.R. 121.1, 123.1 and 127.1 | (Attempted Unlawful Exportation of Arms and Munitions from the United States) |
| 18 U.S.C. Section 922(e) | (Attempted Unlawful Delivery of Firearms to a Contract or Common Carrier for Transportation Without Notice |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ricardo Gonzalez
*Printed name and title*

Sworn to before me and signed telephonically pursuant to
Rules 4.1 & 41(d)(3), Fed. R. Crim. P.

Date: __10/29/2018__

_____
*Judge's signature*

City and state: __Washington, DC__

U.S. Magistrate Judge Deborah A. Robinson
*Printed name and title*

Case: 1:18-mj-00131
Assigned To : Magistrate Judge Robinson, Deborah A.
Assign. Date : 10/29/2018
Description:Criminal Complaint

**AFFIDAVIT**

I, Ricardo Gonzalez, being duly sworn, hereby depose and state:

1. I am a Special Agent with the Homeland Security Investigations ("HSI"), and have been so employed for more than twelve years. I am currently assigned to the HSI Field Office in Miami, Florida. As a special agent, my duties include the investigation of violations of Titles 8, 18, 19, 21, 22 and 31 of the United States Code. I have been trained to investigate import/export violations, narcotics smuggling, counter proliferation and internal affairs.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 8, 18, 19, 21, 22 and 31 of the United States Code.

3. I know, through training and experience, that it is common for weapon traffickers to (a) utilize numerous concealment methods within various shipment commodities to transport weapons, munitions, and proceeds for the export, sale, and distribution of weapons and munitions; (b) conceal weapons and munitions within freight and to utilize shipment consolidators, freight forwards, and commercial carriers (land, sea and air); and (c) conceal and commingle weapons and munitions within other shipments to avoid customs and carrier shipment inspections in order to export weapons and munitions, in violation of 18 U.S.C. §§ 554, (smuggling goods from the United States) and 922(e) (delivery of firearms to a contract carrier without written notification); and 22 U.S.C. § 2778 (control of arms exports and imports).

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does

not set forth all of my knowledge, or the knowledge of others, about this matter.

5. Based on my training and experience, and the facts set forth in this affidavit, I submit that there is probable cause to believe that Ruben Dario HERRERA Ibanez has violated the laws of the United States, including, but not limited to, the Arms Export Control Act, 22 U.S.C. § 2778, including the International Traffic in Arms Regulations, and laws prohibiting the Unlawful Delivery of Firearms to a Contract or Common Carrier for Transportation Without Notice, 18 U.S.C. § 922(e).

6. The Arms Export Control Act ("AECA") authorized the President of the United States to control the export of "defense articles" by designating items on the United States Munitions List ("Munitions List"), which is codified at 22 C.F.R. Part 121. The AECA and its attendant regulations, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130, require a person to apply for and obtain an export license from the United States Department of State, Directorate of Defense Trade Controls ("DDTC"), located in the District of Columbia, before exporting from the United States arms, ammunition, or articles of war, which have been categorized as defense articles under 22 U.S.C. §§ 2778(b)(2) and 2794(3), and 22 C.F.R. Parts 120.1 and 121.1. In the application for an export license, the exporter is required to state, among other things, the nature of the defense articles to be exported, the end recipient of the defense articles, and the purpose for which the defense articles were intended.

7. Title 18, Section 922(e) makes it unlawful for any person to knowingly deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce any package or container that has a firearm or ammunition, without written notice to the carrier that the firearm or ammunition is being transported or shipped.

## FACTS ESTABLISHING PROBABLE CAUSE

8. On October 25, 2018, HSI Miami CPI Special Agents obtained information regarding a suspicious attempted firearms purchase by a Peruvian national, Angelo Gabriel ZANELLI. The information provided indicated that on October 19, 2018, ZANELLI placed a down payment of $1,000 on seven pistols, in particular, model AK-47 Pistol Century Arms MICRO DRAGO (7.62x39), and 100 AK-47 magazines, at Miami Guns Incorporated, located in Hialeah, Florida. ZANELLI was accompanied by an unidentified Bolivian national on the day of the attempted purchase. The unidentified Bolivian national later contacted Miami Guns Inc. using a Bolivian phone number and attempted to add 3 additional Glock pistols to their order. The Bolivian national was later identified as Ruben Dario HERRERA IBANEZ. The investigation determined the HERRERA flew from Bolivia to Miami on October 19th and returned on October 22nd.

9. On October 26, 2018, HERRERA arrived at the Miami International Airport from Bolivia, and he was scheduled to fly back to Bolivia on Sunday, October 28, 2018. Once HERRERA arrived in Miami on October 26th, he and ZANELLI went to Miami Guns Inc., where they attempted to finalize their order. Miami Guns Inc. employees informed ZANELLI and HERRERA that they could not legally purchase the firearms due to U.S. government regulations. HERRERA then asked a Miami Guns Inc. employee if the employee knew anyone who could sell them firearms on the "black market". The Miami Guns Inc. employee then provided ZANELLI and HERRERA with contact information for an HSI Undercover Agent ("UCA") and indicated he may be able to assist them. Shortly thereafter, HERRERA called the UCA on a cellphone.

10. During a brief meeting, HERRERA and the UCA negotiated pricing for ten (10), AK-47 Pistol Century Arms MICRO DRAGO (7.62x39) and 120 AK-47 magazines. HERRERA agreed to pay half the money up front, and the other half upon delivery, totaling $12,700. HERRERA and the UCA drove to an undercover HSI location, where the UCA displayed the weapons to HERRERA. HERRERA inspected the weapons and handed the UCA $5,000 of the upfront money. HERRERA explained that he intended to obliterate the serial numbers and then illicitly ship the weapons to Boliva by taking them to a shipping company in Miami. As HERRERA began loading the weapons into a vehicle, HSI Special Agents arrested him.

11. After his arrest, HERRERA provided post-Miranda statements regarding his attempt to export the ten (10) AK-47 Pistol Century Arms MICRO DRAGO (7.62x39) and 120 AK-47 magazines. HERRERA stated that he was planning on hiding the firearms and magazines in two large stereo speakers and sending them to Bolivia using a common carrier. HERRERA further stated once the firearms and magazines arrived in Bolivia, he intended to sell them to a Brazilian national who is known to smuggle firearms to the "Brazilian Favelas". In addition, HERRERA said that he knew he needed a license to export the firearms and he admitted that he had not applied for a license. HERRERA added that he had been told that the U.S. did not use an X-ray machine to inspect items being exported, so he brought two large stereo speakers which he had already taken apart to hide the firearms in until they arrived in Bolivia.

12. Based on my training and prior experience, your Affiant has probable cause to believe that the firearms and magazines that HERRERA attempted to export to Bolivia required a license from the DDTC before they could be exported. Due to the extremely short duration of this

4

investigation, and the need to arrest HERRERA before he returned to Bolivia, your Affiant was unable to acquire a pre-trial determination that the firearms and magazines in this case required a license for export. However, during the past several months, your Affiant has conducted an investigation of the attempted illegal exportation of firearms parts. As part of that investigation, your Affiant obtained a pre-trial determination from the DDTC that the firearms parts, in particular, Glock firearms parts, fell into Category I(h) of the USML, which applies to "[c]omponents, parts, accessories and attachments for" various firearms, and therefore required a license from the U.S. Department of State, under ITAR, before they could be exported. I have reviewed the USML as it relates to this case. Based upon my review, your Affiant has probable cause to believe that the firearms and magazines HERRERA attempted to export fall within Category I(a) and (h) of the USML. Category I(a) applies to "[n]onautomatic and semi-automatic firearms to caliber .50 inclusive (12.7 mm)," and Category I(h) applies to "[c]omponents, parts, accessories and attachments for" various firearms. Your Affiant has probable cause to believe that the ten (10), AK-47 Pistol Century Arms MICRO DRAGO (7.62x39) and 120 AK-47 magazines fit within Categories I(a) and I(h), respectively, and therefore the firearms and magazines HERRERA attempted to export through a common carrier required a license from the U.S. Department of State, under ITAR, before they could be exported. HERRERA did not have the necessary license.

13. I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in connection with this Complaint. In support of this request, I inform the Court that I am currently assigned to the HSI Field Office in Miami, FL, where I am working on the investigation of this and other matters. If I were required to appear before the Court in person, it would be a cost to the United States both in travel costs and time diverted from the substantive investigation. I

submit that Assistant U.S. Attorney Frederick Yette, an attorney for the United States, is capable of identifying my voice and telephone number for the Court.

14. Based on the foregoing facts, I submit there is probable cause to believe that Ruben Dario HERRERA Ibanez has violated the Arms Export Control Act, 22 U.S.C. § 2778, including the International Traffic in Arms Regulations, and laws prohibiting the Unlawful Delivery of Firearms to a Contract or Common Carrier for Transportation Without Notice, 18 U.S.C. § 922(e).

_____
RICARDO GONZALEZ, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn to and subscribed before me this
29st day of October 2018

_____
DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE

**18-3582-MJ-TORRES**

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Columbia

| United States of America | ) |
| --- | --- |
| v. | ) |
| Ruben Dario Herrera Ibanez | ) Case: 1:18-mj-00131 |
|  | ) Assigned To : Magistrate Judge Robinson, Deborah A. |
|  | ) Assign. Date : 10/29/2018 |
|  | ) Description:Criminal Complaint |
| *Defendant* | ) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Ruben Dario Herrera Ibanez

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:
   See the attached Affida which is incorporated here in by reference.

Date: 10/29/2018

*Issuing officer's signature*

Deborah A. Robinson
United States Magistrate Judge

City and state:   District

*Printed name and title*

### Return

| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ |
| --- |
| at *(city and state)* _____. |
| Date: _____ |

*Arresting officer's signature*

By _____
*Deputy Clerk*
*Printed name and title*

U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY
ANGELA D. CAESAR, Clerk

INVESTIGATE COPY ONLY
ORIGINAL ON FILE WITH
US MARSHAL RM  4th Floor